FRANCIS J. MANGRAVITE, Plaintiff, *v.* NEW YORK TELEPHONE COMPANY, Defendant.

Supreme Court, Special Term, New York County, November 14, 1955.

*Francis J. Mangravite,* plaintiff in person.

*Ralph W. Brown* and *Robert Luce Donohue* for defendant.

HOFSTADTER, J. The plaintiff, an attorney, in this action challenges the terminology used by the defendant on its monthly bills for telephone service. Though, as will appear, the plaintiff asks for the correction of the defendant's method of billing and thus purports to speak for the defendant's subscribers generally, the action is not representative in form and can, therefore, be treated as one to redress only any grievance the plaintiff himself may be suffering.

It is undisputed that on the defendant's printed bills rendered each month this item appears: "Local Service for One Month in Advance." This is the regular monthly charge for local service. Another item is "Balance From Last Bill". The plaintiff, having refused to pay this monthly charge in advance, objects to being billed for it on his succeeding bill as a balance.

He admits that, in accordance with the defendant's tariff filed with the Public Service Commission, this monthly local service charge is payable in advance. He insists, however, that though it is thus payable it is not then due and owing because covering a service not yet rendered. The plaintiff says that in law this charge is due and owing only at the end of the month after he has received the service and that its designation on the next bill as a balance is a misnomer. He asserts that he has no adequate remedy at law and asks the court permanently to enjoin the defendant from claiming on its bills that the basic monthly charge billed in advance is then due and owing and from later billing it as a balance as it has been doing.

The complaint denounces the defendant's billing method as a fraud and deception by which it unlawfully collects from its customers moneys on which it earns profits and income. The plaintiff characterizes this as an improper and unethical windfall. Since, as has already been pointed out, this is not a representative action, the plaintiff is in no position to complain of the misuse, were it such, of the moneys of other customers. He himself has persistently withheld payment of the advance charge; it is thus clear that the defendant is not using any of his money.

The following extracts from the defendant's general tariff under the heading "General Rules and Regulations, H. Payments and Termination of Service", filed with the Public Service Commission, are pertinent: "Monthly charges for facilities and service are payable monthly in advance * * * Bills are due when rendered and are payable at any business office of the Telephone Company * * * In the event of the non-payment of any sum due, the Telephone Company may: Suspend service until all charges have been paid * * * Telephone service shall not be suspended or terminated * * * for non-payment for services which have not been rendered". These provisions have been in effect since May 1, 1942, pursuant to an order of the Public Service Commission made on March 5, 1942. In accordance with the foregoing provisions, the defendant on October 4, 1955, sent the plaintiff a notice of intended suspension of service for nonpayment of a bill of $67.83. This was the bill rendered to him under the date of August 21, 1955, which covered the advance local service charge for the period from August 21 to September 21, 1955. It is self-evident that on October 4th, when the suspension notice for the nonpayment of the August 21, 1955, bill was sent, all the services charged on

that bill had already been rendered. The threatened suspension was in accordance with the filed tariff and was not based on the nonpayment of any advance charge.

The only apparent basis for the plaintiff's contention that the monthly service charge, though payable in advance, is not due when billed, is the tariff prohibition of suspension for nonpayment for services not yet rendered. It does not follow by any means that, merely because indulgence is afforded the subscriber through the denial of one means of enforcing payment of the advance service charge, suspension of service, the charge itself is not due when billed. Under the tariff it is payable and, if not paid, becomes a balance at the expiration of the service period which it covers. Whatever the distinction, if any, between " payable " and " due and owing " in other context, the plaintiff here shows no basis for relief by way of a temporary injunction.

Even were the nomenclature used by the defendant in its bills subject to the criticism made by the plaintiff, it is open to serious question whether the plaintiff would not be required to seek relief before the Public Service Commission, the regulatory body charged by law with the duty of dealing with such purely administrative problems and peculiarly equipped by experience to do so. (See *Gilchrist* v. *Interborough Co.*, 279 U. S. 159, 208–209; *City of New York* v. *New York Edison Co.*, 196 App. Div. 644, 652, and *Matter of Earl Carroll Realty Corp.* v. *New York Edison Co.*, 141 Misc. 266, 271.)

In the circumstances, the plaintiff has not made out a case entitling him to a temporary injunction. The motion is denied and the injunction in the order to show cause is vacated. Settle order.